IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ADONIS GARTH WILSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:10CV718 |
| ) | 1:06CR48-1 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Petitioner's Motion [Doc. #34] to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Petitioner was convicted in this Court of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and one count of possession of ammunition in commerce after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Based on an Information of Prior Conviction [Doc. #6] and his status as a career offender under USSG § 4B1.1, Petitioner received a sentence of 275 months of imprisonment for the drug conviction, to be followed by eight years of supervised release. He received a concurrent sentence of 120 months of imprisonment and three years of supervised release for the ammunition conviction.

During an ultimately unsuccessful direct appeal, Petitioner filed a "'WRIT OF HABEAS CORPUS'" [Doc. #23] with this Court. The Court treated that filing for administrative purposes as a Motion under § 2255 and dismissed it without prejudice due to several procedural deficiencies. Later, well after the appeal concluded, Petitioner filed a § 2255 Motion [Doc. #31]. A prior Magistrate Judge entered an Order and Recommendation [Doc.

#32] recommending that the Motion be dismissed without prejudice because Petitioner failed to file it using the correct forms, did not supply sufficient copies, and failed to sign the Motion. That Recommendation was later adopted in a Judgment [Doc. #57] dismissing the Motion without prejudice. Between the entry of the prior Order and Recommendation and the Judgment, Petitioner submitted his current § 2255 Motion correcting the defects of his previous § 2255 Motion. The Court assigned a separate civil case number to the new Motion and ordered that the Government respond. This led to multiple rounds of briefing that included a Motion to Dismiss [Doc. #52], Renewed Motion to Dismiss [Doc. #59], and Second Supplemental Response [Doc. #68] by Respondent. Petitioner also filed a Motion to Reconsider [Doc. #61] under Federal Rule of Civil Procedure 59(e) in which he challenged the dismissal without prejudice of his previous § 2255 Motion. At three separate times, the Court entered Orders [Doc. #81, 90, Text Order dated 9/14/16] staying this matter in light of multiple cases then pending before the United States Court of Appeals for the Fourth Circuit or the United States Supreme Court which might have some effect on the present case. Those cases have all now been decided, and the Court will address the pending Motions of the parties.

Petitioner's pending § 2255 Motion raises a single ground for relief in which he challenges his sentence based on the cases of Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner contends that he is no longer a career offender following those cases. Petitioner also states in his briefing that the Information of Prior Conviction filed under § 851 is invalid under those cases as well. Petitioner seeks to have his prison sentence reduced to 120 months. The Court also allowed

a prior Motion to Amend [Doc. #87] in which Petitioner challenges his career offender status based on Johnson v. United States, 135 S. Ct. 2551 (2015).

Respondent primarily requests dismissal on the ground that Petitioner's Motion was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Here, Petitioner filed a direct appeal, which the United States Court of Appeals for the Fourth Circuit denied before Petitioner sought certiorari from the United States Supreme Court. The Supreme Court denied certiorari on October 1, 2007, which means that Petitioner's conviction became final and his year to file under subsection (f)(1) began to run on that date. Petitioner did not file a Motion raising a Simmons claim until September 2010, nearly two years out of time under (f)(1).

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing the § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing his Motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner relies on Carachuri-Rosendo, but Carachuri-Rosendo does not constitute a substantive change in law retroactive on collateral review. United States v. Powell, 691 F.3d. 554 (4th Cir. 2012). Simmons, which Petitioner also relies upon and which is based on Carachuri-Rosendo, does not affect the

3

statute of limitations either.  United States v. Whiteside, 775 F.3d 180 (4th Cir. 2014).  These cases also do not constitute new facts under Section 2255(f)(4).  Id.  In Whiteside, the Court of Appeals for the Fourth Circuit considered a Simmons-related challenge to both a career offender enhancement under the advisory Guidelines and a § 851 enhancement based on an Information of Prior Conviction, and found that the claim was untimely under § 2255(f) and was not subject to equitable tolling.  Id.  Thus, as in Whiteside, Petitioner's Motion is barred by the statute of limitations.[1]

Further, even if the Court considered Petitioner's claims on the merits, they would fail.  The United States Court of Appeals for the Fourth Circuit addressed the question of whether a career offender challenge under Simmons is cognizable on collateral review, and held that it is not the type of alleged sentencing error that can be corrected on collateral review.  United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015).  Petitioner argues that his § 851 enhancement is also invalid and that it affected the calculation of his career offender enhancement.  However, this was also true in Foote itself, but the Fourth Circuit nevertheless concluded that Foote's challenge to the Guideline sentence was not cognizable on collateral review.  See Foote v. United States, 1:11CV42, 2013 WL 5355543 at *5, n.6 (M.D.N.C. Sept. 24, 2013), adopted, 2013 WL 5962983 (M.D.N.C. Nov. 7. 2013), aff'd, 784 F.3d 931.

Similarly, Petitioner's claims based on Johnson likewise fail.  Petitioner seeks to use Johnson to attack his status as a career offender under the United States Sentencing Guidelines.  However, the advisory Guidelines, and specifically the career offender Guidelines,

---

[1] To the extent that Petitioner raises a supplemental claim under Johnson, Petitioner cannot state a claim under Johnson for a challenge to a career offender determination under the Guidelines, as discussed below.

are not subject to the type of vagueness challenge under the Due Process Clause that prevailed in Johnson with respect to the Armed Career Criminal Act. Beckles v. United States, 137 S. Ct. 886, 895 (2017). Thus, like the petitioner in Beckles, Petitioner cannot obtain relief from his career offender sentence based on Johnson. Petitioner's claims should therefore be dismissed.[2]

Finally, Petitioner's Motion under Rule 59(e) remains pending. In the Motion, Petitioner seeks reconsideration of a prior dismissal. Petitioner captioned that Motion with the civil case number related to his latest § 2255 Motion, 1:10CV718. However, that Motion was not dismissed. Petitioner may simply have been confused by the dismissal of his earlier § 2255 Motion in case 1:10CV690 and believed erroneously that the Motion in 1:10CV718 was also dismissed. If so, his Motion under Rule 59 is in error and should be denied. Alternatively, it may be that Petitioner seeks to challenge the dismissal without prejudice of 1:10CV690. If so, the Rule 59 Motion should still be denied. Petitioner sets out no appropriate grounds for granting the Motion. Further, he raised his claims in 1:10CV718 and those claims

---

[2] At times, Petitioner requests alternative relief under 28 U.S.C. § 2241 and 28 U.S.C. § 1651. However, his claims must be considered in the first instance under § 2255. In a Supplement [Doc. #93], Petitioner seeks to raise a § 2241 claim based on United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). However, that case allows for claims that would otherwise be barred as second or successive to proceed under § 2241 based on the "savings clause" of § 2255(e). See also Lester v. Flournoy, No. 13-6956, 2018 WL 6253382 (4th Cir. Nov. 30, 2018) (extending Wheeler to cases under the mandatory Guidelines). Here, Petitioner's claim is not second or successive, and the Court has therefore considered it under § 2255, and it is barred by the statute of limitations as set out above. In addition, Petitioner is challenging a sentence that was based on the advisory Guidelines; his advisory Guideline range was well above the enhanced statutory minimum, and the Court was not prevented from exercising its discretion under the Guidelines; and the sentence Petitioner received was below the statutory maximum that would have applied even absent the enhancements. Petitioner's claim is thus the same as the claim raised in Foote, as set out above. In Lester, the Fourth Circuit specifically considered its prior decision in Foote, and held that Foote continued to apply for individuals sentenced under the advisory Guidelines. Lester, 2018 WL 6253382 at *6.

fail for the reasons explained above. Nothing would change if they were considered instead in 1:10CV690. Petitioner's Rule 59 Motion should be denied.

IT IS THEREFORE RECOMMENDED that the prior stays be lifted, that Respondent's Motion to Dismiss [Doc. #52] and Renewed Motion to Dismiss [Doc. #59] be granted, that Petitioner's Motion [Doc. #34] to vacate, set aside or correct sentence, as supplemented and amended, be dismissed, that Petitioner's Motion [Doc. #61] under Rule 59 be denied, and that judgment be entered dismissing the action.

This, the 14th day of December, 2018.

                                                        /s/ Joi Elizabeth Peake
                                                        United States Magistrate Judge